IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PARKLAND ENVIRONMENTAL GROUP INC., an Illinois corporation | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  06-3238 |
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LABORERS' LOCAL 477 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Laborers' International Union of North America, Laborers' Local 477's (LIU) Motion to Dismiss Complaint to Vacate Arbitration Award or In the Alternative Motion to Stay Federal Cause (d/e 7) (Defendant's Motion to Dismiss).  For the reasons set forth below, the Motion is DENIED.

Plaintiff Parkland Environmental Group, Inc. (Parkland) filed the instant Complaint to Vacate Arbitration Award (d/e 1) on October 17,

1

2006.  Parkland brought suit asking the Court to vacate the arbitration award issued on July 18, 2006.  The facts as alleged in the Complaint are as follows.  Parkland is an Illinois corporation with its principal place of business in Springfield, Illinois.  LIU is a labor organization representing employees in an industry affecting commerce within the meaning of § 301 of the Labor Management Relations Act (LMRA).  LIU maintains its principal place of business in Springfield, Illinois.

On or about March 22, 2004, Parkland and Central Laborers' Pension Fund executed a Participation Agreement which provided, among other things, that the extent of Parkland's participation in the pension fund was limited to the "White Oaks Mall Project only." Complaint, ¶ 8.  The Participation Agreement was initialed and agreed to by LIU's business agent Brad Schaive, on behalf of LIU.

On April 1, 2004, based on assurances from Schaive, Parkland entered into a Collective Bargaining Agreement (CBA) with the Central Illinois Builders/Southern and Central Illinois Laborer's District Council (CIB/SCILDC).  Parkland entered into the CBA based on Schaive's representation to Dave Stowers, a principal of Parkland, that the scope of the CBA would be limited to a "Project-by-Project" or "Project Specific"

2

basis, and that Parkland's obligation under the CBA would be limited to the "Washington Street" building project. Complaint, ¶ 9. As of the filing of the present Complaint, LIU has not provided Parkland with a copy of the original CBA that was executed by the parties.

On or about May 12, 2004, the Central Laborer's Pension Fund confirmed that the work Parkland performed on the White Oaks Mall was on a project specific basis only. In the spring of 2006, Parkland performed work on the Furrow's building, which is located in Springfield, Illinois.

On May 30, 2006, LIU filed a grievance against Parkland, alleging that it violated the terms of the CBA by performing work on the Furrow's building and the Springfield Housing Authority, without union labor, as required under the CBA. In response to this filing, Parkland objected and informed LIU that it was not in violation of the CBA, which provided that Parkland was bound by the CBA on a project-by-project basis only, and that the CIB/SCILDC had confirmed, at the time of execution of the CBA, that "Parkland was neither a member of the CIB/SCILDC, nor had Parkland assigned any bargaining rights to the CIB/SCILDC." Complaint, ¶ 16.

The dispute concerning the parties' obligations under the CBA was referred to a grievance/arbitration committee. On or about July 18, 2006,

the committee found that Parkland was a party to the CBA for the works listed in the grievance filed by LIU and, therefore, imposed an award of $21,016.00 against it. Parkland claims that it was never a party to the CBA for the works identified in the grievance, thereby rendering the arbitration award void.

Parkland asserts that this Court's subject matter jurisdiction arises under § 301 of the LMRA, 29 U.S.C. § 185, the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., and 28 U.S.C. §§ 1331 and 1337.

On September 8, 2006, LIU filed a Petition to Confirm and Enforce Arbitration Award in the Circuit Court for the Seventh Judicial Circuit in Sangamon County, Illinois (Case No. 2006-MR-000495). See Defendant's Motion to Dismiss, Exh. A, Petition to Confirm & Enforce Arbitration Award. In the state court action, LIU named Parkland as the Respondent. On September 28, 2006, Parkland filed a "Section 2-619 Motion to Dismiss" in the state action, seeking to dismiss LIU's Petition on the grounds that federal courts have exclusive jurisdiction over cases involving interpretations of collective bargaining agreements and that the state law claims are preempted under the LMRA. See Defendant's Motion to Dismiss, Exh. B, Section 2-619 Motion to Dismiss.

On October 17, 2006, Parkland filed the instant action in this Court, asking the Court to vacate the arbitration award. Parkland did not attempt to remove LIU's state court action to federal court; rather, it filed a separate action in this Court. LIU has filed the instant Motion to Dismiss.

## ANALYSIS

LIU moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion under 12(b)(1) challenges the court's subject matter jurisdiction. In analyzing such a motion, the court must accept all well-pleaded facts as true and draw all reasonable inferences from those allegations in favor of the plaintiff. Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). In addition, the court may look beyond jurisdictional allegations of the complaint and view additional evidence submitted on the issue of jurisdiction. Id. Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).

LIU asserts that Parkland's Complaint should be dismissed pursuant to 12(b)(1), because: (1) Parkland failed to timely remove the state court action to federal court prior to filing the instant Complaint; (2) an identical action involving the same parties and issues is currently pending in the state

court; and (3) Parkland voluntarily agreed to the state court's jurisdiction over the claims arising from the arbitration award by filing a motion to dismiss with respect to LIU's complaint in the state court.

The Court is not persuaded by LIU's arguments, especially because, by itself, "[t]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, and . . . the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 15 (1983) (internal quotations omitted). As the Complaint asserts, this Court's jurisdiction arises under § 301 of the LMRA. Section 301 of the LMRA completely preempts "claims based directly on rights created by a collective bargaining agreement and claims substantially dependent on an analysis of those agreements." United States v. Palumbo Bros., Inc., 145 F.3d 850, 863-864 (7th Cir. 1998) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987)). Here, Parkland seeks judicial review of an arbitrator's decision. "Arbitration is a proper method for resolving disputes under a [collective bargaining agreement] . . . . Federal courts have jurisdiction over arbitration enforcement suits . . . ." United Food and Commercial Workers Union AFL-CIO v. Pilgrim's Pride

Corp., 193 F.3d 328, 331 (5th Cir. 1999) (internal citation omitted); see also International Broth. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1097 (8th Cir. 2004) ("section 301 of the LMRA serves as an independent source of federal jurisdiction for district courts to enforce arbitration awards.").

More importantly, the Seventh Circuit has stated that "the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the Colorado River doctrine" is a stay, not a dismissal. Rosser v. Chrysler Corp., 864 F.2d 1299, 1308 (7th Cir. 1988).[1] Therefore, LIU's request to dismiss Parkland's Complaint is denied.

In the alternative, LIU asks the Court to abstain from this case and stay the federal action pursuant to the Colorado River doctrine. See Colorado River Water Conservation District v. United States, 424 U.S. 800

---

[1]The Seventh Circuit has explained that:
A dismissal, even without prejudice, creates a risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits. A stay, by contrast, permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end. A stay has the additional advantage of bringing the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions.
Rosser, 864 F.2d at 1308 (internal citations omitted).

(1976). "[A] federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" <u>Clark v. Lacy</u>, 376 F.3d 682, 685 (7th Cir. 2004) (quoting <u>Colorado River</u>, 424 U.S. at 818). To determine whether a stay is appropriate, the court must first consider whether the two suits at issue are parallel, "meaning that 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" <u>AXA Corporate Solutions v. Underwriters Reinsurance Corp.</u>, 347 F.3d 272, 278 (7th Cir. 2003) (quoting <u>Caminiti & Iatarola Ltd. v. Behnke Warehousing Inc.</u>, 962 F.2d 698 (7th Cir. 1992)). If the answer to the first inquiry is yes, the court must then "consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" <u>Clark</u>, 376 F.3d at 685.

In the present case, it is undisputed that the state action and the action before this Court are parallel. LIU filed suit against Parkland in state court asking the court to enforce the arbitration award. Parkland, on the other hand, filed suit against LIU in this Court moving to vacate the arbitration award.

The Court must now weigh the following factors to determine

whether abstention is necessary here under Colorado River:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

AXA Corporate Solutions, 347 F.3d at 278. In weighing the above factors, the Court is mindful that the Seventh Circuit has "recognized a general presumption against abstention." Id. The Court is further mindful that, "'[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.'" Clark, 376 F.3d at 687 (quoting Colorado River, 424 U.S. at 818-19).

The first factor is not applicable here because the present action does not involve property over which either court has exercised jurisdiction. Similarly, the second factor, the inconvenience of the federal forum, is neutral because both parties are located in Springfield, Illinois, and

9

Sangamon County is located within the Central District of Illinois.

The third factor is the desirability of avoiding piecemeal litigation, which does not carry much weight here in favor of abstention. Allowing both actions to proceed simultaneously would result in piecemeal litigation. Clements v. J.D. O'Brien Olds-Cadillac-GMC, Inc., 744 F.Supp. 838, 840 (N.D. Ill. 1990); Klabo v. Myhre, 2004 WL 554794, at *5 (N.D. Ind. 2004) ("Piecemeal litigation occurs when different courts adjudicate an identical issue, thereby duplicating judicial efforts and possibly reaching different results."). However, this alone "is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy--in having two active lawsuits instead of one. That will always be possible when there is a parallel state suit pending." Evans Transp. Co v. Scullin Steel Co., 693 F.2d 715, 717 (7th Cir. 1982); Miller Brewing Co. v. ACE U.S. Holdings, Inc., 391 F.Supp.2d 735, 742 (E.D. Wis. 2005).

Moreover, "[s]uits which are mere copies of each other do not trigger concerns of piecemeal litigation." Midwest Dental Products Corp. v. Kinetic Instruments, Inc., 1990 WL 19973, at *7 (N.D. Ill. 1990). The state action and the instant action involve identical issues and thus appear to be mere copies of each other. This factor, therefore, does not weigh heavily in favor

of abstention.

The fourth factor, the order-of-jurisdiction, is not of much significance here. This factor "simply refers to the race to the courthouse." Id. LIU filed the state action on September 8, 2006, which was more than a month before the federal action was filed by Parkland on October 17, 2006. This factor carries little weight, however. "In most of the abstention cases, the state suit antedated the federal case; the principal variable seems to be the amount of time that elapsed between the suits, and that factor seems to have carried little weight with the courts." Kent v. Cook, 637 F. Supp. 1005, 1009 (N.D. Ind. 1986). This is because too much emphasis on this issue "does no more than to encourage litigants to 'stay up all night and file their countersuit the next day rather than the next month.'" Id. (citing Evans Transp. Co., 693 F.2d at 718-19). Parkland filed the instant lawsuit a little over a month after the state action was filed. As such, this factor does not weigh heavily in favor of abstention.[2]

The fifth factor, the source of the governing law, weighs heavily against abstention. As discussed supra, the issues presented here are

---

[2]The Court notes that LIU's reliance on Kent is misplaced because the federal suit in that case "was not filed 'the next month', but rather was filed twenty-two months after the plaintiff" filed the state suit. Kent, 637 F. Supp. at 1009.

11

governed by federal law, the LMRA. In Moses H. Cone Memorial Hospital, the Supreme Court emphasized the importance of this factor by noting, "the presence of federal-law issues must always be a major consideration weighing against surrender." Moses H. Cone Memorial Hospital, 460 U.S. at 26; Kent, 637 F. Supp. at 1009. As such, this factor militates heavily against abstention.

The sixth factor, the adequacy of state forum, is of little significance here. This factor requires the courts to determine whether the state court will adequately protect the federal plaintiff's rights. The parties have failed to brief this issue. Regardless, the Court sees no reason that the state court would not be able to adequately guard the federal plaintiff's rights. However, because the instant suit is exclusively governed by federal law, this Court is in a better position to adjudicate the matter.

The seventh factor, the relative progress of the state and federal proceedings, does not support a finding of abstention. "This factor asks which proceeding, state or federal, is further advanced. Thus, where the state proceeding has progressed significantly beyond the federal court suit, a stay is more appropriate and promotes efficiency." Midwest Dental Products Corp., 1990 WL 19973, at *7. Here, this factor is neutral because

it appears that the progress in each court is relatively equal. In the instant action, no other activity has occurred other than the filing of the Complaint and the Motion to Dismiss. This is equally true of the state proceeding, where a complaint was filed by LIU and a motion to dismiss filed by Parkland.

The eighth factor, the presence or absence of concurrent jurisdiction, does not carry much weight here because, contrary to Parkland's assertion, state courts have concurrent jurisdiction over "claims arising from a collective bargaining agreement in an industry affecting interstate commerce." Oglesby v. RCA Corp., 752 F.2d 272, 277 (7th Cir. 1985); Spizzirri v. Mortgage Electronic Registration Systems, Inc., 2003 WL 21640468, at *3 (N.D. Ill. 2003) ("The eighth factor, whether the state or federal court has jurisdiction over the suit, has no bearing on our decision because it is undisputed that both the state and federal courts have jurisdiction."). "[I]n exercising their jurisdiction state courts are [however] bound to apply only federal law . . . ." Oglesby, 752 F.2d at 277.

The ninth factor, the availability of removal, militates in favor of abstention. This factor asks whether the state court action is removable. Parkland could have removed the state court action on federal question

grounds within 30 days after LIU filed its complaint in state court. See 28 U.S.C. §§ 1441, 1446(b); see also Spizzirri, 2003 WL 21640468, at *3. Parkland did not do so and instead filed a separate suit in this Court. This factor therefore weighs in favor of abstention.

The final factor weighs against abstention. The parties have failed to present any arguments as to whether the federal claim is vexatious or contrived, and the Court sees no reason to find that the federal claim is indeed vexatious or contrived.

Considering all of the relevant factors, it appears that the majority of the factors are neutral or have little or no bearing on the present case. However, given that the two suits are parallel, that federal law exclusively governs this suit, and that the instant action is neither vexatious nor contrived, the Court finds that abstention is inappropriate here. The Court therefore declines to stay the instant action. LIU's request to stay the instant action is denied.

## CONCLUSION

THEREFORE, for the reasons set forth above, LIU's Motion to Dismiss Complaint to Vacate Arbitration Award or In the Alternative to Stay Federal Cause (d/e 7) is DENIED. Defendant LIU is directed to

answer or otherwise plead within 30 days of this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER: May 11, 2007.

> FOR THE COURT:
>
>                                                      s/ Jeanne E. Scott
>                                                      JEANNE E. SCOTT
>                                      UNITED STATES DISTRICT JUDGE